IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT

Fred L. Mosley

    Plaintiff,

vs.

Hilton Easton Hotel

    Defendant.

Case No. 05-CV-0048
Judge Sargus
Magistrate Judge Kemp

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendant, Hilton Easton Hotel. For the reasons that follow, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), and grants in part and denies in part its motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

### I.

This action was filed with the Court on January 18, 2005 by Plaintiff, Fred L. Mosley, proceeding *pro se*, against his former employer, Hilton Easton Hotel. The matter arises as a result of Plaintiff's termination of employment that occurred on September 11, 2003. Plaintiff is African-American and was hired by Hilton Easton Hotel ("Hilton") on August 22, 2001. Six months after his hiring, he was promoted to Banquet Setup Supervisor and remained in that position until the termination of his employment. (Mosley's Compl., p. 1.) The facts surrounding Plaintiff's discharge serve as the basis of this lawsuit.

During his employment at Hilton, Plaintiff asserts the banquet management department continually gave members of his team different duties, without his knowledge, causing him to be shorthanded and to push his remaining team members to work harder. The banquet management department also failed to notify Plaintiff when his team members called in sick or were sent home. According to his Complaint, Plaintiff was also not permitted to write evaluation forms for his team members. Plaintiff alleges that his team members did not like him because he is African-American. He also alleges a supervisor in the Banquet Management Department, Mr. David, and Plaintiff's team members talked about Plaintiff when he was not present. (Mosley's Compl., p. 1.) Plaintiff spoke with the Chief Executive Officer of Hilton, Mr. Howe, about his problems but, according to Plaintiff, nothing came from the conversation. (Mosley's Compl., p. 2.)

On September 11, 2003, Mr. David and the human resources manager, Ms. Montgomery, called Plaintiff into the Human Resources Office. Mr. David stated that Plaintiff had made a member of his banquet setup team upset and angry, and, for that reason, he had to be fired. Mr. David then wrote on Plaintiff's termination paper that Plaintiff "continually disrespected team members." Plaintiff alleges that he does not know what he did to cause Hilton to fire him from his job, and he argues that the Mr. David's statement on the termination paper is false. (Mosley's Compl., p. 1.)

Plaintiff alleges he was fired from his job because he is African-American. He also alleges Hilton has a policy of removing minorities and replacing them with non-minorities. Plaintiff argues he was treated differently from non-minority supervisors, and Hilton, Mr. David, Ms. Montgomery, and his team members conspired to remove him from his position because of his race. (Mosley's Compl., p. 1.)

2

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on December 1, 2004 and determined that it was unable to conclude from the information before it that the facts established violations of Title VII, 42 U.S.C. § 2000e-2(a) (2000). The EEOC's right-to-sue letter specifically indicated that it was not certifying that Hilton was in compliance with Title VII. (Mosley's Compl., p. 3.)

## II.

Hilton has filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Court turns first the motion to dismiss for lack of subject matter jurisdiction.

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When ruling on a motion to dismiss for lack of subject matter jurisdiction, the complaint must be construed favorably towards the plaintiff. Schuer v. Rhodes, 416 U.S. 232, 236 (1974). A federal court has jurisdiction only if the case involves an amount in controversy exceeding $75,000 and diversity of citizenship exists between the opposing parties, 28 U.S.C. § 1332 (2000), or if the suit depends on a question of federal law. 28 U.S.C. § 1331 (2000).

Because in this case, Plaintiff is proceeding *pro se*, his pleading must be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, a sufficient showing of subject matter jurisdiction is still necessary. Those who proceed without counsel still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, Plaintiff must comply with Fed. R. Civ. P. 8(a)(1) which requires a pleading to state a short plain statement of the grounds upon which the Court's jurisdiction depends.

Defendant maintains that Plaintiff has failed to state in his Complaint the basis upon which the Court's jurisdiction depends. Given the less stringent standard associated with a *pro se* pleading, however, the facts that Plaintiff alleges on the face of the Complaint state a claim for race-based discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a).

Federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In the absence of diversity of citizenship, it must appear from the face of the complaint that determination of the lawsuit depends on a question of federal law. Pan Am. Petroleum Corp. v. Superior Court, 366 U.S. 656, 663 (1961); *see also, e.g.*, Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672 (1950). In his Complaint, Plaintiff asserts he was fired from his job because he is African-American. (Mosley's Compl., p. 1). Termination of employment based on race violates Title VII's proscription against "discharg[ing] any individual, or otherwise . . .discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Further, Plaintiff filed a complaint with the EEOC as required by Title VII, 42 U.S.C. § 2000e-5(f)(1) (2000). The EEOC determined that it was unable to conclude from the information before it that Plaintiff established violations of Title VII. (Mosley's Compl., p. 3.)

Plaintiff also asserts that Hilton, Mr. Howe, Mr. David, Ms. Montgomery, and his team members conspired to terminate his employment. (Mosley's Compl., p. 2.) This claim, if proved, also depends on a question of federal law. Plaintiff's assertion of a conspiracy to remove him from his job at least implicates a potential violation of 42 U.S.C § 1985(3). Section 1985(3) prohibits "two or more persons from conspiring for the purpose of depriving, either directly or indirectly, any

4

person equal protection of the laws, or of equal privileges and immunities under the laws." Id.

For these reasons, the Court finds that Plaintiff has stated a basis for federal question subject matter jurisdiction in his *pro se* Complaint. Defendant's Motion to Dismiss for lack fo subject matter jurisdiction is therefore denied.

### B. Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. Schuer, 416 U.S. at 236; Mayer v. Mylod, 988 F.2d 635, 637 (6th Cir. 1993). The Court is authorized to grant a motion to dismiss under Rule 12(b)(6) only where it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990), neither is a court required to accept a complaint's legal conclusions or unwarranted factual inferences as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

The Court again notes that Plaintiff is proceeding *pro se* and, therefore, his pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers. Haines, 404 U.S. at 520. Plaintiff's Complaint, however, still must be dismissed if it appears "beyond doubt the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. 519 at 521 (quoting Conley, 355 U.S. 41 at 45-46). Given the less stringent standard associated with a *pro se* pleading, the Court assumes that Plaintiff is seeking relief for a violation of Title VII of the Civil Rights Act and for a conspiracy in violation of 42 U.S.C § 1985(3).

1.   *Claim of Race-Based Discrimination Under Title VII*

Defendant contends that the Complaint fails to state a claim for race-based discrimination under Title VII because Plaintiff has failed to compare his treatment with other individuals who received more favorable treatment based on their race. Plaintiff, however, is not required to establish a *prima facie* case of discrimination using the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), to survive a motion to dismiss for failure to state a claim upon which relief can be granted.

In Swiekiewicz v. Sorema, 534 U.S. 506 (2000), a fifty-three year old native of Hungary filed suit against his former employer alleging he had been fired on account of his national origin in violation of Title VII of the Civil Rights Act of 1964 and because of his age in violation of the Age Discrimination in Employment Act of 1967. The United States District Court for the Southern District of New York granted the defendants' motion to dismiss because the plaintiff's complaint did not adequately allege a *prima facie* case of discrimination. The Court of Appeals affirmed the district court's decision and held the plaintiff must plead a *prima facie* case of discrimination using the McDonnell Douglas framework to survive the defendants' motion to dismiss. Id. at 509. The Supreme Court reversed the decision and held the plaintiff need not plead a *prima facie case* of discrimination. Id. at 515. The Court explained that the *prima facie* case of discrimination under the McDonnell Douglas framework is an evidentiary standard and not a pleading requirement. Id.

6

at 510.

In this case, Plaintiff's Complaint must meet Fed. R. Civ. P. 8(a)(2) to survive Hilton's motion to dismiss. Rule 8(a)(2) requires a complaint to include a "short plain statement of the claim showing that the pleader is entitled to relief." Such statements must simply "give the defendant a fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. 41 at 47. In Swiekiewicz, 534 U.S. at 506, the Supreme Court concluded the defendant had fair notice of what the plaintiff's claims were and the grounds upon which they rested. The Court came to this conclusion because the plaintiff's complaint detailed events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved in the termination. Id. at 514.

Given the less exacting standard associated with a *pro se* pleading, the Court finds that Plaintiff's Complaint satisfies the pleading requirements associated with Rule 8(a)(2). Plaintiff's Complaint sufficiently states the elements of a claim for a Title VII violation. Plaintiff has provided the dates he was hired and fired. He alleges instances of adverse employment action, such as termination of employment and claims such action was based on his race. (Mosley's Compl., p. 1.)

The Court concludes that Hilton has fair notice of Plaintiff's claim and the grounds upon which it rests. Plaintiff alleges that he was fired from his job because he is African-American. This assertion rests upon his treatment at Hilton, the reasoning for his termination, and the race of others at Hilton. Rule 8(a) establishes a pleading standard without regard to whether the claim will succeed on its merits. Defendant may later test the sufficiency of a claim with through a motion for summary judgment under Fed. R. Civ. P. 56. Swiekiewicz, 534 U.S. at 514. The Court holds that Plaintiff's Complaint sufficiently states a Title VII claim, and it should not be dismissed for failure to state a

claim upon which relief can be granted. Defendant's Motion is therefore denied in this respect.

### 2. *Conspiracy*

Plaintiff contends that he was "conspired against by Mr. David, Ms. Montgomery, [his] team members, who were all foreign people who did not like me because [he is] an African-American. Mr. David and the team members discussed [him] when [he] was not present and did not have a meeting with me. . . . This was a conspiracy to remove a Black American and replace me with a non-Black American." (Mosely Compl., pp. 1-2.)

It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such claim. *See, e.g., Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984) (conspiracy claim properly dismissed where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory"). Plaintiff states, on several occasions, that the Hilton and others conspired to remove him because he is African-American. Even giving the Complaint the most liberal reading possible, Plaintiff's assertions are void of any facts that could be construed to support an allegation of conspiracy. Although Plaintiff alleges that Mr. David and Plaintiff's team members discussed him when he was not present, this assertion alone falls far short of the requisite specificity that is necessary to support a conspiracy claim under Section 1985(3). Defendant's Motion is granted in this respect.

Given that Plaintiff has pursued this matter to this stage without the benefit of an attorney, the Court will permit Plaintiff an opportunity to amend his complaint so that he may attempt to assert additional facts necessary to state a proper claim of conspiracy under Section 1985(3), if he may do

8

so truthfully within the confines of Fed. R. Civ. P 11.[1] The Court strongly encourages Plaintiff to obtain legal counsel to assist with the prosecution of his case.

### III.

For the foregoing reasons, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is **DENIED** and Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may, if he so chooses, file an **AMENDED COMPLAINT** within **FOURTEEN (14) DAYS** of the date of this Order.

**IT IS SO ORDERED.**

7-5-2005
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court refers Plaintiff to Rule 11 and his obligation to set forth allegations and other factual contentions that have evidentiary support or will be likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3).

9